OLDCASTLE PRECAST, INC.     :
                                      :
         Plaintiff,       :
                                      :      CIVIL ACTION NO.
vs.                            :      3-05-cv-571 (JCH)
                                        :
ST. PAUL FIRE and MARINE    :
INSURANCE COMPANY, ET AL.,  :      October 1, 2007
                                        :
         Defendant.    :
                                        :

**RULING RE: DEFENDANT KLEWIN BUILDING COMPANY'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 80), DEFENDANT UNITED STATES FIDELITY AND GUARANTY COMPANY'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 82), PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 95), PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE (DOC. NO. 68), AND PLAINTIFF'S MOTION IN LIMINE (DOC. NO. 107).**

The plaintiff Unistress Corporation, Inc.[1] (Unistress) brings this action against

defendants United States Fidelity and Guaranty Company (USF&G) and Klewin

Building Company, Inc. (Klewin) asserting nonpayment for work performed under a

construction subcontract.  Unistress has moved for summary judgment against Klewin

as to the Second and Third Counts of the Second Amended Complaint, and against

USF&G as to the First Count.  Klewin has moved for summary judgment against

---

[1]The captioned case was consolidated with another case arising from the same construction project, <u>Unistress Corp., Inc. v. United States Fidelity & Guaranty Co. and Klewin Building Co., Inc</u>, docket number 3:06-cv-01577.  Hearing on March 16, 2007, Motion to Consolidate (Doc. No. 56) Granted (Doc. No. 65).  The parties to this Ruling, who are not named in the caption, were the parties in the case which was consolidated.

Unistress as to the Second and Third Counts. USF&G has moved for summary judgment against Unistress as to the First, Second and Fourth Counts. Unistress has also moved to strike USF&G's Twelfth Affirmative Defense from their Answer to the Second Amended Complaint.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

On May 12, 2003, Unistress and Klewin entered into a Subcontract Agreement ("the Subcontract"). The Subcontract was for precast concrete work on a construction project ("the Project") in Hartford, Connecticut, owned by Trumbull on the Park, LLC. On March 13, 2003, USF&G, as surety, issued a Labor and Material payment Bond ("the Bond") for the project, with Klewin as the principal. The Project financing was insured by the United States Department of Housing and Urban Development.

Around October 28, 2005, Unistress ceased work on the Project. On November 2, 2005, Unistress submitted a request to Klewin for final payment in the amount of $740,383.32. This amount was part of the retainage withheld from payment by Klewin pursuant to the terms of the Subcontract. Klewin received payment from the owner of the Project for $370,000 of the demanded amount and has not received the remaining balance.

On December 13, 2005, having not received payment, Unistress notified Klewin of its claim for payment and demanded that Klewin place the disputed amount in escrow, which it did not do. On December 13, 2005, Unistress notified USF&G of its claim against the Bond. On March 27, 2006, USF&G denied Unistress's claim stating

---

[2]The facts stated here are agreed to by the parties unless otherwise stated.

that Article 13.11 of the Subcontract had not been met because Klewin had not been

paid in full and because Klewin had indicated to USF&G that it had a counter claim

against Unistress for poor workmanship and delays.  See Letter from William Hattings,

Pl.'s 56(a)(1) Stat., Ex. F.  USF&G reiterated these claims in a letter to Unistress on

October 23, 2006, but also indicated that their evaluation of Unistress' claim and

Klewin's asserted backcharges was "nearing completion".  See Letter from Alyssa

Bergman at 1, Pl.'s 56(a)(1) Stat., Ex. G.

## II.     STANDARD OF REVIEW

### A.     Motion for Summary Judgment

In a motion for summary judgment, the burden is on the moving party to

establish that there are no genuine issues of material fact in dispute and that it is

entitled to judgement as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).  Once

the moving party has met its burden, the nonmoving party must "set forth specific facts

showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present

such evidence as would allow a jury to find in his favor in order to defeat the motion.

Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all

inferences in favor of the party against whom summary judgment is sought.  Anderson,

477 U.S. at 255; Graham, 230 F.3d at 38.  "This remedy that precludes a trial is

properly granted only when no rational finder of fact could find in favor of the

non-moving party."  Carlton, 202 F.3d at 134.  "When reasonable persons, applying the

proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. <u>Sologub v. City of New York</u>, 202 F.3d 175, 178 (2d Cir. 2000).

## III.  DISCUSSION

### A.  Klewin was not required to put the disputed amount in an interest bearing account pursuant to Conn. Gen. Stat. § 42-158j (Count 2).

Unistress claims that it is owed interest, costs, punitive damages and attorney's fees pursuant to Connecticut  § 42-158j because Klewin failed to place disputed funds in an interest bearing escrow account upon receiving notice of Unistress' claim. Second Am. Compl. at 8 (Doc. No. 66).  The pertinent part of section 42-158j provides that

> [t]en days after the receipt of any notice [of claims specified in this section] the owner, contractor, subcontractor or supplier . . . shall be liable for interest on the amount due and owing at the rate of one per cent per month.  Such interest shall accrue beginning on the date any such notice is received.  In addition, such owner, contractor, subcontractor or supplier, upon written demand from the party providing such notice, shall be required to place funds in the amount of the claim, plus such interest of one per cent per month, in an interest-bearing escrow account . . . .

CONN. GEN. STAT. § 42-158j.  However, according to section 42-158i, a "construction contract" for the purposes of section 42-158j, does not include "a contract or project funded or insured by the United States Department of Housing and Urban Development."  CONN. GEN. STAT. § 42-158i.  This language was added to the statute in 2004.  <u>Id.</u>  The parties do not dispute that financing for the Project was insured by the United States Department of Housing and Urban Development (HUD).  <u>See</u> Klewin's Loc. R. 56(a)(1) Stat. at ¶ 4 (Doc. No. 85); Pl.'s Loc. R. 56(a)(2) Stat. at ¶ 4 (Doc. No.

90).

Unistress argues that this exception for HUD financed projects does not apply because this provision was not in effect at the time that the parties entered into their contract. Unistress' Mem. in Opp. to Klewin's Mot. for Summ. Judg. at 8-9 (Doc. No. 89). However, the plain language of section 42-158i states that the term "construction contract," as defined therein, applies to any contract dated "on or after October 1, 1999." CONN. GEN. STAT. § 42-158i. Therefore, the Connecticut legislature clearly intended to exempt HUD financed projects, entered into after October 1, 1999, from the interest-bearing escrow account requirements of section 42-158j. As a matter of law, Unistress cannot prevail on its claims under the Second Count of the Second Amended Complaint. Therefore, its Motion for Summary Judgment as to that Count is denied, and Klewin and USF&G's Motions for Summary Judgment as to Count Two are granted.

**B.      Production of releases and waivers from subcontractors is an enforceable provision of the subcontract (Counts One and Three).**

Unistress complains that Klewin failed to make the final payment in the amount of $740,383.32 in violation of the terms of the subcontract. <u>See</u> Unistress' Mem. in Opp. to Klewin's Mot. for Sum. Judg. at 3 (Doc. No. 89); Second Am. Compl. at 9 (Doc. No. 66). Klewin argues that Unistress is not due this amount under the subcontract because Unistress has not met the requirement for payment of retainage under section 13.11 of the subcontract. Klewin's Mem. in Supp. of Mot. for Summ. Judg. at 11 (Doc. No. 80). Section 13.11 of the subcontract states that

[f]inal payment, including any retainage withheld, shall be made . . . after

> the Work has been completed and . . . satisfactory proof of payment of all
> amounts owed by Subcontractor in connection with this Agreement has
> been provided to General Contractor . . . and Subcontractor has submitted
> to General Contractor: (I) an executed Final Release and Waiver of Lien .
> . . from Subcontractor, and all sub-subcontractors . . . .

D'Amato Aff., Ex. 3 § 13.11 at 12-3 (Doc. No. 85). Unistress argues that under the doctrine of frustration of purpose, it is not obligated to produce this documentation (hereinafter "waivers") because none of its subcontractors have the right at this point to file mechanic's liens or bond claims. Unistress' Mem. in Opp. to Klewin's Mot. for Summ. Judg. at 12-3 (Doc. No. 89). In support of this argument, Unistress relies on CONN. GEN. STAT. § 49-34, which requires that a mechanics lien be filed within ninety days after the cessation of services, and a provision in the bond which provides that "no suit or action shall be commenced" against Klewin or USF&G unless written notice is given within ninety days after the work is completed. Id. at 15; CONN. GEN. STAT. § 49-34.

Unistress' argument that it no longer needs to provide waivers under the subcontract due to frustration of purpose is unavailing. As the defendants point out, notwithstanding the language of the bond, a sub-subcontractor could bring a claim against the bond up to three years from the time when the work was finished under Connecticut law. CONN. GEN. STAT. § 38a-290; see also Serrano v. Aetna Insurance Co., 233 Conn. 437, 459 (holding that two-year contractual limitation to bring claim under auto-insurance policy was retroactively invalidated by statute later recodified as § 38a-290). Unistress' argument that none of its sub-subcontractors could sue Klewin because none had a contract with Klewin is equally unavailing. Unistress' Mem. in Opp. to Klewin's Mot. for Summ. Judg. at 14. Unistress cites no authority for the proposition

that, without privity, the sub-subcontractors would have no ground under which to sue

Klewin.  Id.  Finally, Unistress' argument that it need not provide the waivers because

Klewin will not make the final payment even if they receive the waivers is without merit.

Id. Under the clear language of the subcontract, compliance with section 13.11 of the

subcontract is a condition precedent to final payment of the retainage; Unistress has

not shown any reason why that provision should not be enforced.

Therefore, Klewin's Motion for Summary Judgment as to the Third Count of the

Second Amended Complaint is granted, and Unistress' Motion for Summary Judgment

as to the same Count is denied.  Because the court finds that Klewin has not violated

the subcontract in withholding the final payment of retainage, USF&G's motion for

summary judgment as to the failure to make payment in Count One is granted and

Unistress' Motion for Summary Judgment as to the failure to make payment in Count

One is denied.

### C.      Other claims against USF&G

#### 1.      Failure to Investigate (Count One)

In Count One of the Second Amended Complaint, Unistress also alleges that

USF&G violated its obligations under the bond by "failing to undertake an independent,

reasonable, and sufficient investigation of Unistress' claim."  Am. Comp. at 7.  In their

Motion for Summary Judgment, USF&G offers no arguments as to why summary

judgment should enter against this claim.  In their Reply, however, they argue that "[i]f

USF&G prevails . . . on that part of the First Count dealing with whether any sum is due

Unistress, then Unistress can have no articulable damages from a failed investigation."

USF&G's Reply in Supp. of Mot. for Summ. Judg. at 2 (Doc. No. 101). The court

disagrees. It is possible that Unistress could have a reliance interest in an

"independent, reasonable, and sufficient" investigation, even if they do not ultimately

prevail on their claim against the Bond. Therefore, USF&G's Motion for Summary

Judgment as to the claim of failure to investigate in Count One is denied.

Unistress argues in its Motion for Summary Judgment that, "USF&G's lengthy

delay in investigating and evaluating Unistress' claim on the Bond constitutes a violation

of USF&G's obligations under the Bond." Unistress' Mem. in Supp. of Mot. for Summ.

Judg. at 13 (Doc. No. 96). However, Unistress offers no argument or authority as to

what obligation under the Bond was violated by USF&G. Therefore, there remains an

issue of material fact as to whether USF&G violated its obligations under the Bond by

failing to properly investigate, and, if so, what damages resulted therefrom. Unistress'

Motion for Summary Judgment as to the claim of failure to investigate in Count One is

denied.

## 2.      CUIPA and CUTPA claims (Count Four)

USF&G argues that summary judgment should be granted on Count Four of the

Second Amended complaint, which alleges that USF&G failed to satisfy its obligations

under the bond in violation of Connecticut General Statutes sections 38a-816(1) and (2)

("CUIPA") and sections 42-110a et seq ("CUTPA"). Second Am. Compl. at 10;

USF&G's Mem. in Supp. of Mot for Summ. Judg. at 7 (Doc. No. 83). USF&G argues

that, "[t]o the extent the Court finds in favor of USF&G as to the First and Second

Counts, there can be no dispute as to whether USF&G violated CUTPA as its

representations and statements related to the prematurity of Unistress' claim will have

been affirmed by the Court."  USF&G's Mem. in Supp. of Mot. for Summ. Judg. at 7.
The court disagrees.  That USF&G and Klewin prevailed as a matter of law on part of
Count One and on Count Two is not dispositive of the question of whether they made
"untrue, deceptive, and misleading representations" in violation of CUIPA.  Because
USF&G makes no other arguments on which the court could determine that there is no
material issue of fact as to whether USF&G violated CUIPA and CUTPA, USF&G's
Motion for Summary Judgment as to Count Four is denied.

### D.    Motion to Strike and Motion in Limine

Because the court granted USF&G's Motion for Summary Judgment, in relevant
part, as to Count One of the Second Amended Complaint, and granted summary
judgment as to Count Two, Unistress' Motion to Strike USF&G's Twelfth Affirmative
Defense (Doc. No. 68) is denied as moot.  Unistress' Motion in Limine (Doc. No. 107) is
denied as moot because the court did not consider the expert report in deciding the
Motions for Summary Judgment.

## IV.    CONCLUSION

For the forgoing reasons, Defendant Klewin's Motion for Summary Judgment
(Doc. No. 80) is GRANTED, Defendant USF&G's Motion for Summary Judgment (Doc.
No. 82) is DENIED in part and GRANTED in part, Unistress' Motion for Summary
Judgment (Doc. No. 95) is DENIED, and Unistress' Motion to Strike (Doc. No. 68) and
Unistress' Motion in Limine (Doc. No. 107) are DENIED as moot.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 1st Day of October, 2007.

        /s/ Janet C. Hall
Janet C. Hall
United States District Judge